UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHRISTOPHER GAGE (#424395)

VERSUS                                    CIVIL ACTION

LEON JENKINS, ET AL                       NUMBER 13-638-SDD-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 23, 2014.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GAGE (#424395)

VERSUS                                           CIVIL ACTION

LEON JENKINS, ET AL                              NUMBER 13-638-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim Upon Which Relief Can Be Granted. Record document number 11. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Leon Jenkins, Lt. Robert Rowe, Maj. Eric Hinyard, Lt. Col. Linden Franklin, Sgt. Tywanna Taylor, Sgt. Johnson and Cadet Jarvis. Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

For the reasons which follow, the defendants' motion should be denied.

**I. Factual Allegations**

Plaintiff alleged that on November 3, 2012, Sgt. Taylor

---

[1] Record document number 16.

discovered him in a dark room in the Main Prison Education Building where he was using a cell phone. Plaintiff alleged that Sgt. Taylor conducted a pat down search and found the cell phone in the plaintiff's pocket. Plaintiff alleged that Sgt. Taylor escorted him to the security booth and contacted her supervisors for assistance. Plaintiff alleged that he walked toward Sgt. Taylor causing her to back up against a wall. Plaintiff alleged that he used his weight to pin Sgt. Taylor down and then reached into her pocket and retrieved the cell phone. Plaintiff alleged that he ran to the bathroom and flushed the cell phone down the toilet.

Plaintiff alleged that Capt. Jenkins and Lt. Rowe responded to the activated beeper and handcuffed the plaintiff behind his back. Plaintiff alleged that Sgt. Taylor struck the plaintiff on his right shoulder and right arm and officer Marshal Pierre intervened and stopped her.

Plaintiff alleged that Capt. Jenkins and Lt. Rowe escorted him to administrative segregation in the Main Prison, Cellblock D. Plaintiff alleged that he was taken to an area near the downstairs restroom and was surrounded by the defendants. Plaintiff alleged that Lt. Rowe asked him three times why he struck Sgt. Taylor and then proceeded to strike the plaintiff on the side of his head and face. Plaintiff alleged that his head struck the bathroom door injuring his eye and causing his head to bleed. Plaintiff alleged that Capt. Jenkins observed the unprovoked attached but failed to

2

intervene on his behalf.

Plaintiff alleged that a few minutes later Maj. Hinyard and Lt. Col. Franklin arrived on the unit and Maj. Hinyard struck him on the head while repeatedly asking him why he struck a woman. Plaintiff alleged that Lt. Col. Franklin, Capt. Jenkins, Lt. Rowe, Sgt. Johnson and Cadet Jarvis observed the unprovoked attack by Maj. Hinyard but failed to intervene on his behalf.

Plaintiff alleged that the handcuffs were removed and he was strip searched at which time a cell phone charger was discovered in his underwear. Plaintiff alleged that he was restrained and then Lt. Col. Franklin repeatedly struck him on the back of his head while Maj. Hinyard and an unidentified corrections sergeant slammed him to the floor. Plaintiff alleged that while he was subdued on the floor Lt. Col. Franklin struck his head. Plaintiff alleged that no other officer intervened on his behalf.

Plaintiff alleged that he sustained bruises on the back of his head and right arm and cuts on his ankles. Plaintiff alleged that x-rays were taken of his head and he was administered a tetanus shot and pain medication. Plaintiff alleged that an investigator photographed his injuries.

## II. Applicable Law and Analysis

Defendants[2] moved to dismiss for failure to state a claim upon

---

[2] Sgt. Tywanna Taylor, Sgt. Johnson and Cadet Jarvis were not
(continued...)

3

which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

**A. Motion to Dismiss Standard**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows

---

[2](...continued)
served with the summons and complaint and did not participate in the defendants' motion to dismiss. Record document number 7. According to the Process Receipt and Return Form USM-285, service was not accepted for Tywanna Taylor because she is no longer employed by the Department of Corrections and service was not accepted for Sgt. Johnson and Cadet Jarvis because a first name is needed. *Id*. Despite notification that these defendants were not served, the plaintiff did not move to extend the time to serve them, took no action to provide the U.S. Marshal with a correct service address for them, and did not make any other effort to obtain service on these defendants.

that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

### B. Eleventh Amendment Immunity

Plaintiff brought this action against the defendants in their individual and official capacities.

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al*, 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official

in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under section 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14. Thus, the plaintiff may recover money damages against the defendants insofar

as they were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff sought prospective injunctive relief his claim against the defendants in their official capacity is also actionable under § 1983. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief, whether in the form of damages or prospective injunctive relief.

### C. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991).

7

If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

At the time of the alleged incident, a reasonable corrections officer would have known that beating an inmate without provocation was not objectively reasonable. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986) (force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very

purpose of causing harm, rather than a good faith effort to maintain or restore discipline).

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*. A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

Liberally construing the plaintiff's allegations as the court must, the plaintiff alleged that certain defendants beat him without provocation while other defendants observed the unprovoked attack, and the observing defendants knew that he faced a substantial risk of serious harm and disregarded that risk by

9

failing to take reasonable steps to abate it.  Plaintiff's allegations are sufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim Upon Which Relief Can Be Granted be denied, and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, June 23, 2014.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE