UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GAGE (#424395)

VERSUS                                                CIVIL ACTION

LEON JENKINS, ET AL                                   NUMBER 13-638-SDD-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 3, 2014.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GAGE (#424395)

VERSUS                                              CIVIL ACTION

LEON JENKINS, ET AL                                 NUMBER 13-638-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion For Partial Summary Judgment. Record document number 18. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Leon Jenkins, Lt. Robert Rowe, Maj. Eric Hinyard, Lt. Col. Linden Franklin, Sgt. Tywanna Taylor,[2] Sgt. C.B. Johnson and Cadet Kenneth Jarvis. Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

For the reasons which follow, the defendants' motion for summary judgment should be denied.

### I. Factual Allegations

Plaintiff alleged that on November 3, 2012, Sgt. Taylor

---

[1] Record document number 21.

[2] Plaintiff voluntarily dismissed defendant Sgt. Taylor. Record document numbers 30 and 61.

discovered him in a dark room in the Main Prison Education Building where he was using a cell phone. Plaintiff alleged that Sgt. Taylor conducted a pat down search and found the cell phone in the plaintiff's pocket. Plaintiff alleged that Sgt. Taylor escorted him to the security booth and contacted her supervisors for assistance. Plaintiff alleged that he walked toward Sgt. Taylor, causing her to back up against a wall. Plaintiff alleged that he used his weight to pin Sgt. Taylor down and then reached into her pocket and retrieved the cell phone. Plaintiff alleged that he ran to the bathroom and flushed the cell phone down the toilet.

Plaintiff alleged that Capt. Jenkins and Lt. Rowe responded to the activated beeper and handcuffed the plaintiff behind his back. Plaintiff alleged that Sgt. Taylor struck the plaintiff on his right shoulder and right arm and Lt. Marshal Pierre intervened and stopped her.

Plaintiff alleged that Capt. Jenkins and Lt. Rowe escorted him to administrative segregation in the Main Prison, Cellblock D. Plaintiff alleged that he was taken to an area near the downstairs restroom and was surrounded by the defendants. Plaintiff alleged that Lt. Rowe asked him three times why he struck Sgt. Taylor and then proceeded to strike the plaintiff on the side of his head and face. Plaintiff alleged that his head struck the bathroom door injuring his eye and causing his head to bleed. Plaintiff alleged that Capt. Jenkins observed the unprovoked attached but failed to

intervene on his behalf.

Plaintiff alleged that a few minutes later Maj. Hinyard and Lt. Col. Franklin arrived on the unit and Maj. Hinyard struck him on the head while repeatedly asking him why he struck a woman. Plaintiff alleged that Lt. Col. Franklin, Capt. Jenkins, Lt. Rowe, Sgt. Johnson and Cadet Jarvis observed the unprovoked attack by Maj. Hinyard but failed to intervene on his behalf.

Plaintiff alleged that the handcuffs were removed and he was strip searched at which time a cell phone charger was discovered in his underwear. Plaintiff alleged that he was restrained and then Lt. Col. Franklin repeatedly struck him on the back of his head while Maj. Hinyard and an unidentified corrections sergeant slammed him to the floor. Plaintiff alleged that while he was subdued on the floor Lt. Col. Franklin struck his head. Plaintiff alleged that no other officer intervened on his behalf.

Plaintiff alleged that he sustained bruises on the back of his head and right arm and cuts on his ankles. Plaintiff alleged that x-rays were taken of his head and he was administered a tetanus shot and pain medication. Plaintiff alleged that an investigator photographed his injuries.

Defendants[3] moved for summary judgment relying on a statement

---

[3] Summons was returned unexecuted as to defendants Sgt. Johnson and Cadet Jarvis. Record document number 7. According to the Process Receipt and Return Form USM-285, service was not accepted for Sgt. Johnson and Cadet Jarvis because a first name is
(continued...)

of undisputed facts and certified copies of criminal proceedings in *State of Louisiana v. Christopher Gage*, 12-WFLN-525, Twentieth Judicial District Court for the Parish of West Feliciana, Louisiana.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. *Heck v. Humphrey*

Defendants Capt. Jenkins, Lt. Rowe, Maj. Hinyard and Lt. Col. Franklin argued that the plaintiff's excessive use of force claims against them are barred by the Supreme Court's decision in *Heck v.*

---

³(...continued)
needed. *Id*. Plaintiff moved to have summons re-issued to Sgt. C.B. Johnson and Cadet Kenneth Jarvis. Record document number 55. The motion was granted, and on October 3, 2014, summons was re-issued to Sgt. C.B. Johnson and Cadet Kenneth Jarvis. Record document numbers 59 and 60. A Process Receipt and Return Form USM-285 has not yet been filed in the record. Defendants Sgt. C.B. Johnson and Cadet Kenneth Jarvis did not participate in the defendants' Motion for Partial Summary Judgment.

4

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). Specifically, the defendants argued that because the plaintiff was convicted of simple battery as a result of the November 3, 2012 incident with Sgt. Taylor, an award of damages as to any of the plaintiff's excessive force claims against them would implicitly call into question the validity of the plaintiff's simple battery conviction.

*Heck* provides that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. at 487, 114 S.Ct. at 2372. However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*.

The exception is applicable to the facts of this case. A determination that defendants Capt. Jenkins, Lt. Rowe, Maj. Hinyard and Lt. Col. Franklin used excessive force on the plaintiff after he was escorted to administrative segregation following the incident with Sgt. Taylor would not invalidate the plaintiff's

5

conviction for the simple battery of Sgt. Taylor. Therefore, the plaintiff's excessive force claims against defendants Capt. Jenkins, Lt. Rowe, Maj. Hinyard and Lt. Col. Franklin are not barred by *Heck*.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion For Partial Summary Judgment be denied, and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, November 3, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE