UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GAGE (#424395)

VERSUS                                          CIVIL ACTION

LEON JENKINS, ET AL                             NUMBER 13-638-SDD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 3, 2014.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GAGE (#424395)

VERSUS                                          CIVIL ACTION

LEON JENKINS, ET AL                             NUMBER 13-638-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Cross Motion For Summary Judgment. Record document number 56. The motion is not opposed.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Leon Jenkins, Lt. Robert Rowe, Maj. Eric Hinyard, Lt. Col. Linden Franklin, Sgt. Tywanna Taylor,[1] Sgt. C.B. Johnson and Cadet Kenneth Jarvis. Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

Defendants[2] moved for summary judgment relying on a statement

---

[1] Plaintiff voluntarily dismissed defendant Sgt. Taylor. Record document numbers 30 and 61.

[2] Summons was returned unexecuted as to defendants Sgt. Johnson and Cadet Jarvis. Record document number 7. According to the Process Receipt and Return Form USM-285, service was not accepted for Sgt. Johnson and Cadet Jarvis because a first name is needed. *Id*. Plaintiff moved to have summons re-issued to Sgt. C.B. Johnson and Cadet Kenneth Jarvis. Record document number 55. The motion was granted, record document number 59, and on October 3, 2014, summons was re-issued to Sgt. C.B. Johnson and Cadet
(continued...)

of undisputed facts, the affidavits of Robert Rowe, Eric Hinyard, Linden Franklin, Leon Jenkins and Latoya Chatman, a certified copy of criminal proceedings in *State of Louisiana v. Christopher Gage*, 12-WFLN-525, Twentieth Judicial District Court for the Parish of West Feliciana, Louisiana, excerpts from the plaintiff's deposition, a copy of the disciplinary report issued November 3, 2012, a copy of excerpts from the plaintiff's master record, copies of the plaintiff's inmate location sheets and copies of the plaintiff's medical records.

## I. Factual Allegations

Plaintiff alleged that on November 3, 2012, Sgt. Taylor discovered him in a dark room in the Main Prison Education Building where he was using a cell phone. Plaintiff alleged that Sgt. Taylor conducted a pat down search and found the cell phone in the plaintiff's pocket. Plaintiff alleged that Sgt. Taylor escorted him to the security booth and contacted her supervisors for assistance. Plaintiff alleged that he walked toward Sgt. Taylor causing her to back up against a wall. Plaintiff alleged that he used his weight to pin Sgt. Taylor down and then reached into her pocket and retrieved the cell phone. Plaintiff alleged that he ran

---

[2](...continued)
Kenneth Jarvis. Record document number 60. A Process Receipt and Return Form USM-285 has not yet been filed in the record. Defendants Sgt. C.B. Johnson and Cadet Kenneth Jarvis did not participate in the defendants' Cross Motion for Summary Judgment.

2

to the bathroom and flushed the cell phone down the toilet.

Plaintiff alleged that Capt. Jenkins and Lt. Rowe responded to the activated beeper and handcuffed the plaintiff behind his back. Plaintiff alleged that Sgt. Taylor struck the plaintiff on his right shoulder and right arm and Lt. Marshal Pierre intervened and stopped her.

Plaintiff alleged that Capt. Jenkins and Lt. Rowe escorted him to administrative segregation in the Main Prison, Cellblock D. Plaintiff alleged that he was taken to an area near the downstairs restroom and was surrounded by the defendants. Plaintiff alleged that Lt. Rowe asked him three times why he struck Sgt. Taylor and then proceeded to strike the plaintiff on the side of his head and face. Plaintiff alleged that his head struck the bathroom door injuring his eye and causing his head to bleed. Plaintiff alleged that Capt. Jenkins observed the unprovoked attached but failed to intervene on his behalf.

Plaintiff alleged that a few minutes later Maj. Hinyard and Lt. Col. Franklin arrived on the unit and Maj. Hinyard struck him on the head while repeatedly asking him why he struck a woman. Plaintiff alleged that Lt. Col. Franklin, Capt. Jenkins, Lt. Rowe, Sgt. Johnson and Cadet Jarvis observed the unprovoked attack by Maj. Hinyard but failed to intervene on his behalf.

Plaintiff alleged that the handcuffs were removed and he was strip searched at which time a cell phone charger was discovered in

3

his underwear. Plaintiff alleged that he was restrained and then Lt. Col. Franklin repeatedly struck him on the back of his head while Maj. Hinyard and an unidentified corrections sergeant slammed him to the floor. Plaintiff alleged that while he was subdued on the floor Lt. Col. Franklin struck his head. Plaintiff alleged that no other officer intervened on his behalf.

Plaintiff alleged that he sustained bruises on the back of his head and right arm and cuts on his ankles. Plaintiff alleged that x-rays were taken of his head and he was administered a tetanus shot and pain medication. Plaintiff alleged that an investigator photographed his injuries.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. *Heck v. Humphrey*

Defendants Capt. Jenkins, Lt. Rowe, Maj. Hinyard and Lt. Col.

4

Franklin argued that the plaintiff's excessive use of force claims against them are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). For the reasons set forth in the Magistrate Judge's Report[3] on the defendants' Motion for Partial Summary Judgment[4] issued contemporaneously with this Magistrate Judge's Report, the defendants' argument that the plaintiff's claims are barred by *Heck* is without merit.

**C. Excessive Force**

Plaintiff alleged that on November 3, 2012, the defendants subjected him to an excessive use of force. Specifically, the plaintiff alleged that Lt. Rowe repeatedly asked him why he had struck a woman. Plaintiff alleged that Lt. Rowe then struck him on the side of his head and face causing his head to hit the bathroom door injuring his eye and causing his head to bleed. Plaintiff alleged that Capt. Jenkins observed the unprovoked attached but failed to intervene on his behalf.

Plaintiff alleged that a few minutes later Maj. Hinyard and Lt. Col. Franklin arrived on the unit and Maj. Hinyard struck him on the head while repeatedly asking him why he struck a woman. Plaintiff alleged that Lt. Col. Franklin, Capt. Jenkins, Lt. Rowe, Sgt. Johnson and Cadet Jarvis observed the unprovoked attack by Maj.

---

[3] Record document number 66.

[4] Record document number 18.

5

Hinyard but failed to intervene on his behalf.

Plaintiff alleged that after a cell phone charger was discovered in his underwear during a strip search, Lt. Col. Franklin repeatedly struck him on the back of his head while Maj. Hinyard and an unidentified corrections sergeant slammed him to the floor. Plaintiff alleged that while he was subdued on the floor Lt. Col. Franklin struck his head. Plaintiff alleged that no other officer intervened on his behalf.

Plaintiff alleged that he sustained bruises on the back of his head and right arm and cuts on his ankles. Plaintiff alleged that x-rays were taken of his head and he was administered a tetanus shot and pain medication.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, *supra*; *Whitley v. Albers*, *supra*.

6

A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

The summary judgment evidence showed that on November 3, 2012, Sgt. Taylor discovered the plaintiff sitting in a darkened room in the Upper Education Building.[5] Sgt. Taylor immediately conducted a search and discovered a cell phone concealed under the plaintiff's arm.[6] Sgt. Taylor confiscated the cell phone, placed it in her back pants pocket and ordered the plaintiff to exit the room.[7]

While Sgt. Taylor escorted the plaintiff to the security booth he pleaded with her to return the cell phone to him.[8] After entering the security booth Sgt. Taylor telephoned Lt. Pierre.[9] Before Sgt. Taylor hung up the telephone, the plaintiff aggressively backed her into a corner, pinned her against a wall with all his weight, and began pulling at her pants trying to retrieve the cell

---

[5] Record document number 57, p. 10, Exhibit 4, Unusual Occurrence Report.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

phone from her back pocket.[10] Sgt. Taylor hit the plaintiff on the side of his head in an attempt to defend herself during his attack.[11] Plaintiff removed the cell phone from Sgt. Taylor's pants and ran to the bathroom.[12] Sgt. Taylor activated her beeper, pursued the plaintiff,[13] and observed the plaintiff unsuccessfully attempt to flush the cell phone down a toilet.[14]

At approximately 8:01 p.m. Lt. Rowe was notified by the control center that a beeper had been activated on the second floor of the Main Prison Education Building.[15] Lt. Rowe responded to the beeper and when he arrived he observed the plaintiff and Lt. Pierre standing at the top of the stairwell.[16] Plaintiff's shirt was torn and he had a small laceration close to his right eyebrow.[17] Lt. Rowe handcuffed the plaintiff and escorted him to the lower lobby

---

[10] *Id.*; record document number 56-4, Exhibit B, Deposition of Christopher Gage, pp. 47-48, .

[11] Record document number 56-4, Exhibit B, Deposition of Christopher Gage, p. 67.

[12] Record document number 57, p. 10, Exhibit 4, Unusual Occurrence Report.

[13] *Id.*

[14] *Id.*

[15] Record document number 57-1, Exhibit G, Affidavit Robert Rowe, p. 2.

[16] *Id.*

[17] *Id.*

where they were met by Capt. Leon Jenkins.[18]

Capt. Jenkins responded to the beeper activation.[19] When Capt. Jenkins arrived at the Main Prison Upper Education Building, the plaintiff had already been placed in restraints.[20] Upon his arrival, Capt. Jenkins observed injuries to the plaintiff's head.[21]

Plaintiff was escorted to Cell Block D Administrative Segregation where he was told to stand against a wall.[22] Lt. Col. Franklin and Maj. Hinyard arrived on the unit, the plaintiff's handcuffs were removed and the plaintiff was searched for contraband.[23] During the search Maj. Hinyard discovered a cell phone charger in the plaintiff's sock.[24] The summary judgment evidence showed that the plaintiff was restrained and escorted to the prison infirmary for medical evaluation and treatment.[25]

Plaintiff's medical records showed that following the incident

---

[18] *Id*.

[19] Record document number 57-4, Exhibit J, Affidavit Leon Jenkins, p. 3.

[20] *Id*. at 2.

[21] *Id*. at 3.

[22] Record document number 57-1, Exhibit G, Affidavit Robert Rowe, p. 2.

[23] *Id*. at 3.

[24] *Id*.

[25] *Id*.

9

the plaintiff was examined at the Robert E. Barrow, Jr. Treatment Center.[26] Plaintiff's medical records showed that the plaintiff sustained a laceration to his right temporal area, an abrasion to his right biceps and a bruise to the back of his head.[27] Plaintiff's medical records showed that a Seri-Strip™ was applied to the laceration, the plaintiff was administered a tetanus shot and Toradol®, a nonsteroidal anti-inflammatory drug.[28] Plaintiff's medical records showed that a skull x-ray was negative.[29] Plaintiff's medical records showed that on November 4, 2012, the plaintiff declared himself a medical emergency for complaints of nausea.[30] Physical examination show all vital signs were within normal limits, no vomiting and no visible signs of distress.[31] Plaintiff's abdomen was soft, non-tender and non-distended.[32] Plaintiff was advised to take Pepto-Bismol®.

The undisputed summary judgment evidence showed that the plaintiff was involved in a physical altercation with Sgt. Taylor,

---

[26] Record document number 56-7, p. 2.

[27] *Id*.

[28] *Id*.

[29] *Id*. at 3.

[30] *Id*. at 6.

[31] *Id*.

[32] *Id*.

10

during which Sgt. Taylor struck the plaintiff on the head. The summary judgment evidence showed that after the confrontation with Sgt. Taylor, the plaintiff was observed with a laceration near his right eyebrow. There is no summary judgment evidence showing that any other defendant used any force against the plaintiff.

Plaintiff has neither opposed the evidence offered in support of this motion nor submitted any summary judgment evidence to create a genuine fact issue for trial. A party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion For Summary Judgment be granted and the claims against them dismissed. It is further recommended that this matter be referred back to the magistrate judge for further proceedings on the plaintiff's claims against Sgt. C.B. Johnson and Cadet Kenneth Jarvis.

Baton Rouge, Louisiana, November 3, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE