**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CHRISTOPHER GAGE (#424395)

VERSUS

LEON JENKINS, ET AL.

CIVIL ACTION

NO. 13-638-SDD-SCR

## RULING

The Court has carefully considered the *Complaint*[1], the record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Judge Stephen C. Riedlinger dated November 3, 2014 regarding the Defendants *Cross (sic) Motion for Summary Judgment.*[3] Plaintiff has filed an *Objection*[4] to the Magistrate Judge's *Report and Recommendation* which the Court has also considered. For the reasons which follow, the Court declines to adopt the *Report and Recommendation* of the Magistrate Judge.

Defendants, correctional officers at Louisiana State Penitentiary (LSP), move for summary judgment on the grounds of qualified immunity and under the *Heck v. Humphrey*[5] doctrine. Defendants also rather in artfully moved for summary judgment on the grounds that there is an absence of evidence of injury resulting from the use of excessive force, a necessary element of an 8th Amendment claim of cruel and unusual punishment.[6]

---

[1] Rec. Doc. 1.
[2] Rec. Doc. 67.
[3] Rec. Doc. 56
[4] Rec. Doc. 68.
[5] 512 U.S. 477, 114 S.Ct. 2364 (1994).
[6] The gravamen of the Plaintiff's claim is that *after* the altercation with Sgt. Taylor, he was injured when the Defendants, who responded to the altercation, allegedly excessively continued to beat him after he had been subdued and restrained and taken to administrative segregation. Defendants' motion is premised in part on argument that, because Sgt. Taylor inflicted a blow to Plaintiff's head, evidence is

The Court has previously denied the Defendants' summary judgment motion made on the grounds of *Heck v Humphreys*.[7] Defendants failed to establish the elements of Qualified Immunity necessary to support summary judgment. Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.[8] Plaintiff, Gage, failed to file any opposition to the *Motion for Summary Judgment*. In his objection to the Magistrate's Report and Recommendation, Plaintiff states that he "previously responded to an earlier bid for summary judgment and confused the two pleadings, missing his opportunity to file [an Opposition] to the current summary judgment."[9]

The Plaintiff's *pro se* status does not relieve him of the procedural obligations imposed on all other litigants.[10] Gage did not timely file an opposition to Defendants' *Motion for Summary Judgment*. His failure to respond, however, does not permit the Court to enter a "default" summary judgment. Shortly after the instant *Motion for Summary Judgment*, the Plaintiff filed a "Motion to Preserve Electronic Surveillance Video Evidence"[11] in which he argues against summary judgment. After the Magistrate Judge rendered his *Report and Recommendation*, Plaintiff filed a "Motion to Append

---

lacking that the Defendants who responded to the altercation subjected him to cruel and unusual punishment. Defendants argue that, "[t]he fact that plaintiff was not evaluated by a medical professional immediately after the altercation with Taylor, but before he was escorted to administrative segregation is the key in this case because inmate Gage cannot prove he was uninjured after the altercation with Taylor." Rec. Doc. 56-1, p. 15.
[7] The Court adopted the Magistrates Report and Recommendation (Rec. Doc. 66) denying a separate Motion for Summary Judgment (Rec. Doc. 18) by the Defendants on *Heck* grounds
[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).
[9] Rec. Doc. 68. The record verifies that the Plaintiff filed an *Opposition* to the Defendants' earlier *Motion for Summary Judgment*.
[10] *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981).
[11] Rec. Doc. 67.

Newly Collected Evidence for Summary Judgment Purposes"[12] which appears to be an effort to file countervailing affidavits, albeit belated, which motion remains pending.

The Court is faced with competing considerations. On the one hand, the Court is to construe a *pro se* litigant's pleadings liberally.[13] However, "[i]n response to a summary judgment motion, a litigant, whether *pro se* or represented, has the duty to present to the district court the evidence that creates a genuine issue of material fact."[14] Rule 56(e) requires the nonmoving party to go beyond the pleadings in opposition to a motion for summary judgment.[15] A summary judgment motion may be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.[16] "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[17] However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[18]

---

[12] Rec. Doc. 69.
[13] *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); See also, *Perez v. Johnson*, 122 F.3d 1067 (5th Cir. 1997) (unpublished) stating "we are under the duty to construe a [pro se litigants] pleadings liberally" citing, *McCrae v. Hankins,* 720 F.2d 863, 865 (5th Cir.1983).
[14] *Murrell v. Bennett,* 615 F.2d 306, 309 (5th Cir.1980).
[15] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[16] *Id.*
[17] *Id.* at 323, 106 S. Ct. at 2553 (1986).
[18] *Id.* at 322, 106 S. Ct. at 2552 (1986).

In his "Motion to Preserve Electronic Surveillance Video Evidence",[19] Plaintiff moves to preserve LSP surveillance video of the events at issue which Plaintiff contends are "central to genuine issues of material fact for purposes of supporting his claims and disputing the Defendant's assertions". The Court construes this pleading as a Rule 56(d) declaration that the Plaintiff seeks the opportunity to obtain evidence "essential to justify" opposition to the Defendants' motion.[20]

In the interest of justice, and in accordance with FRCP Rule 56(d), the Court declines to adopt the recommendation of the Magistrate Judge and ruling on the Defendants' *Motion for Summary Judgment*[21] is hereby DEFERRED, without prejudice to re-urging. This matter is referred back to the Magistrate Judge for further proceedings consistent with this *Ruling*, including but not limited to the issuance of any *Orders* determined by the Magistrate Judge to be appropriate in light FRCP Rule 56(d) and (e).

Signed in Baton Rouge, Louisiana on December 4, 2014.

                                       *Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[19] Rec. Doc. 64.
[20] FRCP Rule 56(d)
[21] Rec. Doc. 56.