UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER GAGE (#424395)**                     **CIVIL ACTION**

**VERSUS**

**LEON JENKINS, ET AL.**                          **NO. 13-0638-SDD-EWD**

### RULING

Before the Court is Plaintiff's Motion to Reopen Partial Pre-Trial Discovery (R. Doc. 105), pursuant to which he seeks leave of Court to request out-of-time production of certain documentation from Defendants, specifically (1) "the Beeper Activation Log showing the beeper issued to Tywanna Taylor on November 3, 2012, the time it was activated and the time the incident was logged into the MPO and MP-E-Bldg upstairs log books," and (2) the "LSP Cellblock-D logbook from November 3, 2012, to show the time Plaintiff was transported to this facility and how long he was there before being removed to the R.E. Barrow Jr. Treatment Center to document his injuries."[1]   This motion is opposed.

Pursuant to Order dated January 18, 2014 discovery was stayed in this proceeding pending final disposition of a then-pending Motion to Dismiss filed by Defendants, after which the parties would be allowed ninety (90) days within which to complete discovery.  *See* R. Doc. 15.  The Court thereafter ruled on Defendants' pending Motion to Dismiss on July 18, 2014 (R. Doc. 22),

---

1    Plaintiff also states in the instant Motion that he wishes to call former Defendant Tywanna Taylor "as a hostile witness" at trial.  No ruling by the Court is necessary in connection with this request.  Tywanna Taylor is listed as an approved witness in the Court's Pre-Trial Order who may be called by Plaintiff, *see* R. Doc. 124, and Plaintiff may seek to qualify her as a hostile witness at the time of trial.

and Plaintiff propounded written discovery to Defendants shortly thereafter (R. Docs. 32-41). Included in Plaintiff's discovery was a request for the production of the "Cellblock D Logbook from November 3, 2012, specifically showing who was working this date, both inmates and officers." *See* R. Doc. 32 at p. 5. Defendants responded to Plaintiff's request by providing an Employee Post Roster and Employee Pay Rosters showing the personnel employed on the pertinent date (R. Docs. 46-9 and 46-15). Although Defendants did not produce or object to production of the requested Cellblock D Logbook, Plaintiff did not thereafter file a motion to compel the requested documentation.

During the pendency of a subsequent Motion for Summary Judgment filed by Defendants, Plaintiff requested leave to propound additional discovery (R. Doc. 88) and also sought to preserve the right to request the production of certain additional records after the Court ruled on the pending motion, specifically including the Cellblock D logbook and the beeper activation log for November 3, 2012. *See* R. Doc. 82 at p. 5. Whereas the Court denied Plaintiff's requests at that time, it did so "without prejudice," *see* R. Doc. 90, and the Court thereafter issued an Amended Scheduling Order, giving the parties until January 25, 2016 to "complete all additional discovery." *See* R. Doc. 90. Whereas Plaintiff thereafter propounded an additional document request to Defendants on January 20, 2016, *see* R. Doc. 96, he did not request therein the Cellblock D logbook or beeper activation log for the pertinent date. Instead, Plaintiff waited almost six months, until July 2016, after the scheduling of a final pretrial conference, to file the instant Motion to Reopen Partial Pre-Trial Discovery.

Based on the foregoing, Plaintiff's Motion shall be denied. He has been provided with ample opportunity to request the Cellblock D logbook and beeper activation log from Defendants. In fact, after the conclusion of the initial discovery period, the parties were provided with an

additional period of time within which to propound discovery. Whereas Plaintiff availed himself of the opportunity to request additional documentation from Defendants, he did not then request the production of the documentation that he now seeks and that he had previously specifically enumerated. On this showing, the Court concludes that Plaintiff has not shown good cause for the relief requested. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Partial Pre-Trial Discovery (R. Doc. 105) is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on March 13, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**