# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER GAGE (#424395)                                      CIVIL ACTION

VERSUS

LEON JENKINS, ET AL.                                            13-638-SDD-EWD

## RULING

Before the Court is Plaintiff's *Motion in Limine*,[1] pursuant to which he seeks various forms of relief that the Court will address in sequence.   This Motion is opposed.[2]

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Capt. Leon Jenkins, Lt. Robert Rowe, Major Eric Hinyard, Lt. Col. Linden Franklin, Sgt. Tywanna Taylor, Sgt. C.B. Johnson, and Cadet Kenneth Jarvis.[3]   Plaintiff alleges that his constitutional rights were violated on November 3, 2012, when he was subjected to excessive force on that date.

## I.  REQUEST FOR *DAUBERT/KUMHO* HEARING FOR ADMISSIBILITY OF EXPERT WITNESS

Initially, Plaintiff challenges the admissibility of Defendants' expert, Dr. Randy Lavespere, and requests a hearing relative to the admission of the expert's testimony at trial in accordance with *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).   Plaintiff challenges

---

[1] Rec. Doc. 109.
[2] Rec. Doc. 122.
[3] Plaintiff has voluntarily dismissed his claims asserted against Defendant, Tywanna Taylor.  *See* Rec. Docs. 30 and 61.   In addition, Plaintiff's claim asserted against Defendants in their official capacities has been dismissed by the Court.   *See* Rec. Doc. 89.

Lavespere's testimony as being unreliable because Dr. Lavespere was not Plaintiff's treating physician on the date of the incident complained of and, accordingly, his testimony will not be based upon personal knowledge of the pertinent events. Plaintiff further asserts that Lavespere's testimony is inherently unreliable and suspect because Lavespere has previously been convicted of a felony drug offense and has since undergone continuing medical treatment and monitoring for drug dependency. Finally, Plaintiff suggests that Lavespere will provide biased testimony in favor of Defendants because the Louisiana Department of Public Safety and Corrections has assisted Lavespere with his employment and position at the Louisiana State Penitentiary.

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Pursuant to its express terms, Rule 702 does not render all expert testimony admissible.[4] Further, even if the proposed expert testimony satisfies each of the elements set forth in the Rule, the testimony may still be excluded pursuant to the discretionary provisions of Fed R. Evid. 403, which allow a Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

---

[4] *United States v. Scavo*, 593 F.2d 837, 844 (8th Cir. 1979).

When a *Daubert* challenge is made to the testimony of a proposed expert, a district court may, but is not required to, hold a hearing at which the proffered opinion may be challenged.[5] When a hearing is not held, "a district court must still perform its gatekeeping function by performing some type of *Daubert* inquiry."[6] "At a minimum, a district court must create a record of its *Daubert* inquiry and 'articulate its basis for admitting [or denying] expert testimony.'"[7]

The role of the trial court is to serve as the gatekeeper for expert testimony by making a determination whether the expert opinion is reliable. As the Fifth Circuit has explained:

> [W]hen expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case. *Daubert* went on to make "general observations" intended to guide a district court's evaluation of scientific evidence. The nonexclusive list includes "whether [a theory or technique] can be (and has been) tested," whether it "has been subjected to peer review and publication," the "known or potential rate of error," and the "existence and maintenance of standards controlling the technique's operation," as well as "general acceptance." The Court summarized:
>
> The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.[8]

The cases following *Daubert* have expanded upon the listed factors and have explained that the list is not all-encompassing and that not every factor is required in every case.[9] Indeed, courts may look to other factors as well.[10] In *Fayard v. Tire Kingdom, Inc.*, 2010

---

[5] *Carlson v. Bioremedi Therapeutic Systems, Inc.*, 822 F.3d 194, 201 (5th Cir. 2016).
[6] *Id.*
[7] *Id.*
[8] *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997) (internal citations omitted).
[9] See, e.g., *General Electric Co. v. Joiner,* 522 U.S. 136, 143 (1997); *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).
[10] See *General Electric Co. v. Joiner*, supra, 522 U.S. at 146.

WL 3999011, *1 (M.D. La. Oct. 12, 2010), this Court explained:

> The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert*, which provide that the court serves as a gatekeeper, ensuring all scientific testimony is relevant and reliable. This gatekeeping role extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Under Rule 702, the court must consider three primary requirements in determining the admissibility of expert testimony: 1) qualifications of the expert witness; 2) relevance of the testimony; and 3) reliability of the principles and methodology upon which the testimony is based.[11]

This Court has broad discretion in deciding whether to admit expert opinion testimony.[12]

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'"[13] Further, as explained in *Scordill v. Louisville Ladder Group., L.L.C.*, 2003 WL 22427981 (E.D. La. Oct. 24, 2003):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.'"[14]

In applying the foregoing analysis and in evaluating the proposed testimony of Dr.

---

[11] *Id.* (internal citation omitted).
[12] *See*, e.g., *General Electric Co. v. Joiner*, supra, 522 U.S. at 138-39 (holding that an appellate court's review of a trial court's decision to admit or exclude expert testimony under *Daubert* is made under the abuse of discretion standard); *Watkins v. Telsmith, Inc.* supra, 121 F.3d at 988 (holding that "[d]istrict courts enjoy wide latitude in determining the admissibility of expert testimony"); *Hidden Oaks Ltd. V. City of Austin*, 138 F.3d 1036, 1050 (5th Cir. 1998) ("Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence").
[13] *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011), citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.).
[14] *Id.* at *3 (internal citations omitted).

Randy Lavespere, the Court concludes that the testimony of this witness shall be allowed. Dr. Lavespere is a licensed physician in the State of Louisiana and is the Medical Director at the Louisiana State Penitentiary where Plaintiff is confined. As such, Dr. Lavespere has expertise relative to issues of medical treatment and diagnosis, particularly in the corrections environment, and can review and explain the notations, test results, and diagnoses contained in Plaintiff's medical records. Whereas the Court expresses a general preference for testimony provided by physicians who have provided direct treatment or evaluation in this context, the Court notes that Plaintiff has listed as a witness at trial the prison physician who did, in fact, provide treatment on the date of the incident complained of.

As noted above, Fed. R. Evid. 702 allows for the introduction of expert opinion evidence when "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." In the Court's view, Dr. Lavespere meets this test. To the extent that Plaintiff may wish to attempt to impeach this witness by addressing issues of credibility and bias as referenced in the instant motion, the Court will entertain such an attempt at trial, deferring to the "jury's role as the proper arbiter of disputes between conflicting opinions."[15]

## II. REQUEST TO FORBID MENTION OF PLAINTIFF'S CRIMINAL CONVICTION AND DISCIPLINARY RECORD

Plaintiff next seeks to exclude evidence regarding his prior conviction[s] and evidence regarding his disciplinary record during the period of his incarceration. First, Rule 609 of the Federal Rules of Evidence allows the introduction of evidence of prior felony convictions for impeachment purposes. Although the Rule envisions that the

---

[15] *Scordill v. Louisville Ladder Group., L.L.C.*, supra.

prejudicial effect of this evidence may be weighed against its probative value, the law is clear that the "prejudice-weighing prerequisite to admissibility of felony convictions applies only in criminal trials."[16]  Accordingly, "Rule 609(a)(1) requires a trial judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony."[17] Accordingly, Plaintiff's Motion must be denied in this respect.  Notwithstanding, the Court believes, in its discretion, that although the fact of Plaintiff's prior conviction[s] may be admissible, evidence regarding the offenses committed or the factual details surrounding or underlying the convictions should be excluded as irrelevant and as calculated only to inflame the jury.  This determination shall also apply to Plaintiff's inmate witnesses. Further, the Court notes that Rule 609(b) generally mandates the exclusion of evidence of convictions if the convictions are more than ten years old or if the sentences for same were completed more than ten years prior to trial.  Accordingly, the Court finds that evidence of any such age-limited convictions should also be excluded.

Notwithstanding the foregoing, it appears that criminal proceedings were instituted against Plaintiff arising out of the events of November 3, 2012 and, according to Defendants, Plaintiff pleaded *nolo contendere* to simple battery as a result thereof. Whereas evidence of this conviction might be independently relevant to the issues in this proceeding, the Court notes that the Parties have signified a willingness to enter into a stipulation relative to these facts.[18]  Accordingly, pending the entry of such stipulation, it is appropriate that the Court defer ruling as to the referenced criminal proceedings.

---

[16] See *Miller v. Credit*, 2015 WL 1246557 (M.D. La. March 18, 2015), citing *Coursey v. Broadhurst*, 888 F.2d 338 (5th Cir. 1989).
[17] *Id.*
[18] *See* Rec. Doc. 124 at p. 5.

Plaintiff also seeks to exclude evidence regarding his disciplinary record during the period of his incarceration. In this regard, Plaintiff is correct that evidence regarding unrelated instances of misconduct is not generally admissible to show that a person has a bad character or acted improperly on another occasion, *see* Fed. R. Evid. 404(a)(1) and (b)(1). Whereas such evidence may be allowed under certain circumstances, *see* Fed. R. Evid. 404(a)(3) and (b)(2), those circumstances do not appear to be applicable in the instant case. Accordingly, it is appropriate that Defendants be barred from making reference to the details of Plaintiff's disciplinary record at trial (as well as to the disciplinary records of Plaintiff's inmate witnesses), with the single exception that Plaintiff has signified his willingness to stipulate "that he violated prison rules [on November 3, 2012] (1) by being in possession of a cellphone and charger and (2) by engaging in a physical altercation with a security officer" on that date.[19]

### III. NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES OR BAD ACTS FOR IMPEACHMENT OR OTHER PURPOSES AUTHORIZED UNDER FED. R. E. 404(B)(2)

Plaintiff next seeks to provide notice that he will seek to introduce at trial, for purposes of impeachment, evidence regarding other crimes or bad acts committed by Defendants or Defendants' witnesses. As Plaintiff acknowledges, however, no such formal notice is required in a civil case. Further, with one exception, Plaintiff fails to identify any crimes or bad acts that he may seek to address and fails to identify the Defendants or witnesses against whom the evidence will be introduced. Accordingly, it is appropriate that a determination as to the proposed evidence be generally deferred to trial. Notwithstanding, the Court notes that evidence of the prior conviction of Dr. Randy

---

[19] *See* Rec. Doc. 124 at p. 5.

Lavespere may be admissible pursuant to the provisions of Fed. R. Evid. 609 as addressed above.

IV. **REQUEST FOR ASSISTANCE FROM AN ATTORNEY OR INMATE COUNSEL SUBSTITUTE DURING PRE-TRIAL HEARINGS AND AT TRIAL**

Finally, Plaintiff requests that counsel be appointed for the limited purpose of assisting with Plaintiff's direct examination at trial and that a participant in LSP's Inmate Counsel Substitute program be allowed to be present at trial and assist Plaintiff with the presentation of his evidence and the examination and cross-examination of witnesses. First, the Court has previously determined that appointment of counsel in this case is neither necessary nor warranted.[20] Plaintiff is advised that, to the extent he is concerned about the manner in which his own testimony will be presented during his case in chief, he will be allowed to testify by providing a narrative statement after being sworn as a witness and that a question-and-answer format will not be required. Second, with regard to Plaintiff's request for assistance from an Inmate Counsel Substitute, the Court has allowed such assistance in the past, with Plaintiff's express understanding that the designated Inmate Counsel Substitute shall not be allowed to act as an attorney and shall not be allowed to address the Court or the jury. Subject to that limitation, Plaintiff's request in this regard shall be granted.

Accordingly, based on the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Daubert/Kumho Hearing to Determine Admissibility of Expert Witness*[21] is hereby **GRANTED IN PART AND DENIED IN PART**, such that (1) expert testimony by Dr. Randy Lavespere shall be

---

[20] *See* Rec. Doc. 100.
[21] Rec. Doc. 109.

allowed; (2) evidence regarding the fact of Plaintiff's (and inmate witnesses') prior felony conviction[s] is allowed for the limited purpose stated in this *Ruling*, except that evidence regarding criminal proceedings arising from the events of November 3, 2012 is deferred pending the Parties' agreement to an appropriate stipulation; (3) evidence regarding Plaintiff's (and inmate witnesses') disciplinary records while incarcerated is generally disallowed except as stated in this *Ruling* and subject to the Parties' agreement to an appropriate stipulation; (4) a determination regarding the admissibility of evidence of other crimes or bad acts is deferred to trial; (5) Plaintiff's request for appointment of counsel to assist at trial is DENIED; and (6) Plaintiff's request for assistance from an LSP Inmate Counsel Substitute at trial is GRANTED, such that Michael Zihlavsky (or designated alternative participant in the LSP Inmate Counsel Program if Zihlavsky does not qualify) shall be allowed to sit at counsel table with Plaintiff and provide advice and assistance to Plaintiff during trial but shall not to be allowed to act as an attorney, speak on the record, or address the jury or the Court.

    Signed in Baton Rouge, Louisiana on  March 29, 2017.

                                          **JUDGE SHELLY D. DICK**
                                          **UNITED STATES DISTRICT COURT**
                                          **MIDDLE DISTRICT OF LOUISIANA**