**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CHRISTOPHER GAGE (#424395)

CIVIL ACTION

VERSUS

13-638-SDD-EWD

LEON JENKINS, ET AL.

## **RULING**

Before the Court is the *Plaintiff's Motion to Alter and/or Amend Judgment and/or Motion for New Trial.*[1] The Motion is opposed.[2]

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'"[3] The Fifth Circuit has held that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[4] Instead, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[5] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[6]

A new trial may be granted "on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal

---

[1] Rec. Doc. 180.
[2] *See* Rec. Doc. 183.
[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).
[4] *Templet*, 367 F.3d at 478–79 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).
[5] *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (alterations omitted).
[6] *Id.* (citations omitted).

court."⁷  Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course."⁸  However, it is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial.⁹

The Court will first address the Plaintiff's claims regarding the jury instructions and the jury verdict form.  The Plaintiff asserts that the Court erred in failing to allow the Plaintiff to amend his pleadings mid-trial so that he could assert a claim of excessive force against Defendant Johnson and have the same reflected in the jury instructions and on the jury verdict form.  The Plaintiff alleged in his *Complaint* that Defendant Johnson failed to intervene when Defendant Hinyard was striking the Plaintiff's head.  The Plaintiff also alleged that, shortly thereafter, Defendant Hinyard and unidentified sergeant slammed him to the floor following a strip search.  At trial, during the charge conference, the Plaintiff asserted that after seeing Defendant Johnson at trial, he realized that Defendant Johnson was the previously mentioned unidentified sergeant and requested that the jury charges and verdict form reflect that the Plaintiff was asserting an excessive force claim against Defendant Johnson.

Federal Rule of Civil Procedure 15 provides that the court should freely give leave when justice so requires.  The Court denied what it deemed to be the Plaintiff's mid-trial *Motion to Amend* as the Plaintiff had obviously recognized Defendant Johnson prior to

---

⁷ Fed.R.Civ.P. 59(a)(1).
⁸ *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted).
⁹ *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

filing his *Complaint* since he made specific allegations against Defendant Johnson in the *Complaint*. Given the foregoing, the Plaintiff was not entitled to amend his *Complaint* or alter the jury charges and verdict form as requested. For the same reason, the Plaintiff's argument regarding the Court's failure to appoint counsel, who he asserts could have corrected the purported error, is likewise unavailing.

The Plaintiff also asserts that the Court erred in failing to include the Plaintiff's requested special jury instructions on excessive force and failure to protect. The Court declined to include the Plaintiff's special jury instructions since the instructions provided by the Court were substantially similar, followed the pattern jury instructions approved by the Fifth Circuit, and were a correct statement of the law. As such, there was no error in failing to include the Plaintiff's special jury instructions.

The Court next turns to the Plaintiff's claim that the jury's verdict was inconsistent with the evidence. The Plaintiff asserts that the jury inconsistently concluded that Defendants Rowe, Hinyard, and Franklin utilized excessive force but that Defendants Jenkins, Johnson, and Jarvis did not fail to protect the Plaintiff from said use of excessive force. The Plaintiff asserts that the evidence adduced at trial proved that Defendant Jenkins personally observed and failed to intervene when a gratuitous beating was inflicted upon the Plaintiff while he was handcuffed. While the Plaintiff may have testified as to the same, Defendant Jenkins testified to the contrary that he never observed the Plaintiff being hit. Defendants Johnson and Jarvis likewise testified that they did not observe anyone hitting the Plaintiff.

As in many cases of this kind, the verdict in this case ultimately hinged on credibility determinations. More specifically, in making its decision, the jury necessarily had to

choose which version of the events it believed—the Plaintiff's or the Defendants'. The jury made its credibility assessments, weighed this evidence, and obviously drew inferences from this evidence favorable to Defendants Jenkins, Johnson, and Jarvis. Considering the entire record without rehashing the same, there is no basis to conclude that the verdict in favor of these Defendants was against the great weight of the evidence.

Turning to the Plaintiff's argument that, in the light of the jury's finding that Defendants Rowe, Hinyard, and Franklin used excessive force, the award of nominal damages in the amount of six dollars was unreasonable, "[T]o support an Eighth Amendment excessive force claim a prisoner must have suffered from the excessive force a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor."[10] A review of the evidence in the light most favorable to the jury's verdict indicates that the jury obviously chose to discredit the Plaintiff's testimony regarding his injuries and elected to credit the testimony of various witnesses who observed only a minor abrasion over the Plaintiff's left eye. This court will not disturb the jury's credibility determination.[11] It is entirely possible, based upon the evidence adduced at trial, that the jury attributed the abrasion to the Plaintiff's scuffle with Officer Taylor. For the same reasons, it was not unreasonable for the jury to fail to award punitive damages. Furthermore, the Plaintiff's arguments with respect to juror Ivy are not factually based and are purely speculative.

To the extent the Plaintiff avers that the award of nominal damages is inconsistent with the jury's finding that excessive force was used, a Plaintiff is entitled to an award of nominal damages for the violation of his civil rights, even when no injury was shown, and

---

[10] *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999).
[11] *Hiller v. Mfrs. Prod. Research Group of North Am., Inc.*, 59 F.3d 1514, 1522 (5th Cir. 1995).

such a verdict is not inconsistent and does not entitle the Plaintiff to an award of actual damages.[12] Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion to Alter and/or Amend Judgment and/or Motion for New Trial*[13] is DENIED.

Signed in Baton Rouge, Louisiana on October 19, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[12] See *Archie v. Christian*, 812 F.2d 250, 252 (5th Cir. 1987).
[13] Rec. Doc. 180.