UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER GAGE (#424395)**  CIVIL ACTION

**VERSUS**

**LEON JENKINS, ET AL**  NO. 13-0638-SDD-EWD

## O R D E R

Before the Court is Plaintiff's Motion for Rule to Show Cause Why an Injunction Should Not issue.[1] This Motion is opposed.[2]

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Leon Jenkins, Lt. Robert Rowe, Major Eric Hinyard, Lt. Col. Linden Franklin, Sgt. Tywanna Taylor, Sgt. C.B. Johnson and Cadet Kenneth Jarvis.[3] The plaintiff alleges that his constitutional rights were violated on November 3, 2012, when he was subjected to excessive force on that date. Plaintiff subsequently proceeded to a jury trial before this Court and succeeded in obtaining Judgment in his favor (and an award of nominal damages) against Defendants Robert Rowe, Eric Hinyard and Linden Franklin.[4] Plaintiff's subsequent Motion to Alter and/or Amend Judgment and/or for a New Trial has been denied,[5] and Plaintiff's subsequent appeal to the United States Court of Appeals

---

1 Rec. Doc. 185.
2 *See* Rec. Doc. 186.
3 Plaintiff subsequently voluntarily dismissed his claims asserted against Defendant Tywanna Taylor. *See* Rec. Docs. 30 and 61.
4 *See* Rec. Doc. 179.
5 *See* Rec. Docs. 180 and 187.

for the Fifth Circuit has been dismissed.[6]

Now in the instant Motion for Injunctive Relief, Plaintiff asserts that on July 31, 2017, after he filed his Motion to Alter and/or Amend Judgment and/or for a New Trial on or about June 26, 2017, and after Defendants filed an Opposition thereto on or about July 17, 2017, he was inexplicably placed in administrative segregation pending an investigation into a possible rule violation. Plaintiff asserts that he has not been provided with a copy of a disciplinary report and has not been advised regarding the nature of the purported rule violation, only that it is a potential violation of LSP Disciplinary Rule 30W, which prohibits "any behavior not specifically enumerated [in the Rule Book] that may impair or threaten the security of stability of the unit or well-being of an employee, visitor, guest, offender or their families." Finally, Plaintiff asserts that the referenced Rule 30W is unconstitutionally vague as written, that he has been held in segregated confinement for longer than is allowed for an investigation under the prison rules, and that he has since been advised of a second Rule 30W violation that is under investigation against him. Plaintiff asserts that he believes the foregoing conduct to be an act of harassment and retaliation in response to his "prevailing at trial and subsequently seeking post-trial relief" in the form of above-referenced Motion to Alter and/or Amend Judgment and/or for a New Trial.[7]

In order to obtain injunctive relief, Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary

---

6     See Rec. Doc. 191.
7     See Rec. Doc. 185 at p. 3.

injunction will not disserve the public interest."[8]  "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[9]

On the record before the Court, it does not appear that Plaintiff has established that he is entitled to the relief requested or has shown that he will suffer irreparable injury if injunctive relief is not granted. In the first place, Plaintiff's allegation regarding the retaliatory motivation of Defendants is purely speculative and conclusory. Plaintiff acknowledges that he does not know the identity of the person or persons at LSP who have instituted the referenced investigation against him and, as a result, there is nothing to suggest that this conduct has been undertaken by any Defendant to this proceeding or in response to Plaintiff's litigation activities and/or pleadings in this case. Second, the mere imposition of false or unfair disciplinary charges and a resulting loss of privileges caused by placement in administrative segregation, even if the inmate is in fact innocent of the charges levied, does not amount to a constitutional violation that is actionable in this Court if the inmate has a means of challenging the resulting charges.[10] Finally, it does not appear that Plaintiff will suffer any irreparable injury if injunctive relief is not granted in this case. Upon the conclusion of the referenced investigation into potential wrongdoing by Plaintiff, Plaintiff will then presumably either be charged with one or more rule violations or absolved in connection therewith. Plaintiff will have an opportunity at that time to mount a challenge to the alleged wrongdoing of correctional officers in placing

---

8 *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
9 *Ibid*.
10 *See Grant v. Thomas,* 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations").

him in administrative segregation, to challenge the referenced Rule 30W as unconstitutional, to question the motivation of the officers involved, and to exhaust administrative remedies in connection with these actions, which exhaustion is a prerequisite to any claim by an inmate/plaintiff asserting the violation of his constitutional civil rights before this Court.[11] Thus, applying the foregoing principles, the Court concludes that Plaintiff has failed to allege facts or produce evidence sufficient to support entitlement to injunctive relief. Specifically, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits or suffer irreparable injury if injunctive relief is not granted. Accordingly, inasmuch as Plaintiff's allegations in this regard are conclusory and are not supported by the record, the Court is unable to conclude that Plaintiff has met his burden of proof in establishing an entitlement to injunctive relief.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Rule to Show Cause Why an Injunction Should Not issue[12] is hereby **DENIED**.

Signed in Baton Rouge, Louisiana on September 17, 2018.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

11   See 42 U.S.C. § 1997e.
12   Rec. Doc. 185.